IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES THEODORE ROSS, #334624     * | |
|            Plaintiff, | |
|       v.                                  * | CIVIL ACTION NO. RWT-06-925 |
| ROCHE PHARMACEUTICALS           * | |
| ROCHE LABORATORIES, INC. | |
|            Defendants.      * | |
|                                               *** | |

**MEMORANDUM OPINION**

On April 11, 2006, James Theodore Ross, an inmate housed at the Maryland Reception Diagnostic and Classification Center, filed this product liability complaint for $10,000,000.00 in damages against a pharmaceutical company, alleging that he suffered psychological injury, i.e., depression and psychosis, along with unspecified medical problems as a result of taking the drug Accutane from 1983 to 1988.[1]   (Paper No. 1).

Plaintiff has filed a Motion to Proceed In Forma Pauperis.  However, he has accumulated three "strikes" or dismissals of his prior prisoner civil actions pursuant to 28 U.S.C. § 1915(e).[2]  28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoners is under imminent danger of serious physical injury.

This case does not fall under the "imminent danger" exception to § 1915(g).  See Lewis v.

---

[1] Plaintiff claims he just became aware of the "drug being defective through the media...."  (Paper No. 1).

[2] See Ross v. Baker, Civil Action No. DKC-99-1572 (D.Md.) (dismissed June 16, 1999); Ross v. Baker, DKC-99-1603 (D.Md.) (dismissed June 16, 1999); and Ross v. Baker, DKC-99-1690 (D. Md.) (dismissed June 29, 1999). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. See Evans v. Illinois Dep't of Corrections, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).

Sullivan, 279 F.3d 526, 529 (7th Cir. 2002); see also Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 (3d Cir. 2001) (en banc).  Plaintiff is therefore not entitled to leave to proceed in forma pauperis.

    A separate Order will be entered denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis and dismissing the action without prejudice.  Plaintiff is advised that he may re-file this action upon payment of the civil filing fee.  A separate Order shall follow.

Date:   April 26, 2006                        /s/
                                            Roger W. Titus
                                            United States District Judge